**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2010



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID BOYLEN MANLEY,

Petitioner - Appellee,

v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary,

Respondent - Appellant.

No. 08-36011

D.C. No. 3:07-cv-00009-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted February 2, 2010
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

The State appeals the district court's grant of a petition for a writ of habeas

corpus to David Boylen Manley. Because the state court's resolution of Manley's

claims was not an unreasonable application of clearly established federal law, we

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reverse the judgment of the district court.[1]  Manley presents three claims on appeal.[2]

1.  Manley's first claim is that his plea counsel provided ineffective assistance of counsel because he failed to warn Manley that the State would seek a hearing in aggravation and the maximum sentence (through consecutive and departure sentences).  We are unpersuaded.

Plea counsel informed Manley of the maximum possible sentence if he went to trial (around fifty years) and if he pleaded guilty (around thirty-five years).  Counsel told Manley that the State could seek consecutive sentences and departure sentences.[3]  The two discussed the "sentencing consequences," including the worst case scenario and the best case scenario.  It is true that counsel did not tell Manley

---

[1] *See* 28 U.S.C. § 2254(d)(1)-(2).  State court findings of fact are presumed correct unless rebutted by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).  We consider Manley's arguments in light of these standards.

[2] In light of the State's admission at oral argument that in this case there is not a meaningful difference between departure sentences and consecutive sentences, we conclude that Manley has properly exhausted his claims.

[3] While we recognize that there are slight inconsistencies in the record concerning whether counsel advised Manley about the possibility of departure sentences, we defer to the state post-conviction court's reasonable factual finding that counsel was credible when counsel testified in his post-conviction affidavit and in his post-conviction deposition that he advised Manley of the potential for departure sentences.  *See Wood v. Allen*, --- U.S. ---, No. 08-9156, 2010 WL 173369, at *6–7 (Jan. 20, 2010).

2

that the State *would* seek a hearing in aggravation or that the State *would* seek the maximum sentence, but these omissions did not render counsel's performance ineffective.

When counseling a guilty plea, "it is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement." *Libretti v. United States*, 516 U.S. 29, 50 (1995). At the same time, "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken." *McMann v. Richardson*, 397 U.S. 759, 770 (1970). As an initial matter, nothing in the record suggests that Manley's counsel knew that the State would seek a hearing in aggravation. Nor is there evidence that counsel knew that the State would seek the maximum sentence. This is reason enough to reject Manley's argument. We do not see how Manley's counsel could be expected to tell Manley something of which counsel himself was not aware. At the time, Manley's counsel faced a difficult situation. Manley was not a sympathetic defendant. Significant evidence (including the testimony of the victim, Manley's wife) portrayed him as an abusive husband who had, among other things, raped his wife in front of his children. Counsel's decision, in the face of two less-than-ideal options, to highlight Manley's prospects for leniency did not make his representation ineffective. At the very least, it was not unreasonable for

the state court to so hold. 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 407 (2000).

Viewed more charitably, Manley's claim is that his counsel should have placed greater emphasis on the possibility that the State would seek a hearing in aggravation and the maximum sentence. We disagree. In hindsight, counsel undoubtedly could have done some things differently. But in reviewing counsel's representation, we must make "every effort . . . to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

2. Manley's second claim is that his plea counsel was ineffective for advising Manley to do a "straight up guilty plea" even though Manley had always maintained his innocence. Once again, we disagree.

Manley's guilty plea undermines his argument that he had always maintained his innocence. As part of pleading guilty, Manley told the judge in open court that he did, in fact, commit the crimes with which he was charged. As a general matter, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Moreover, it is not entirely clear what more Manley wanted his counsel to do in this respect. Manley's counsel could not have recommended that Manley

4

offer an *Alford* plea because the State would not agree to a plea bargain if Manley insisted on entering an *Alford* plea.[4]  As a result, Manley's *only* two options were to plead guilty or to go to trial.  Manley's counsel told Manley that he believed that Manley faced greater exposure if he went to trial, and that there was a possibility for leniency if he pleaded guilty.  *Cf.* 1 ABA STANDARDS OF CRIMINAL JUSTICE 14-3.2 (3d ed. 1999) ("[D]efense counsel . . . should advise the defendant of the alternatives available . . . .").  If Manley wished to continue to maintain his innocence, he was free to refuse the State's offer.  Nothing in counsel's advice rendered Manley's guilty plea unknowing or involuntary.  Because we conclude that plea counsel's performance "f[ell] within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, we need not address the question of prejudice.

3.  Manley's last claim is that his sentencing counsel was ineffective for failing to move for recusal of the sentencing judge.  We disagree.  The record supports the state post-conviction court's determination that "[s]entencing counsel had no basis to file a motion to recuse the sentencing court," and that the sentencing court "afforded petitioner a fair and impartial hearing."

---

[4] An *Alford* plea is a guilty plea accompanied by the defendant's claim of innocence.  *Edwards v. Carpenter*, 529 U.S. 446, 448 (2000) (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)).

5

REVERSED.